UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

BONNIE ADAMS,                                          Case No.: 3:13-cv-2301-AC

                            Plaintiff,                 OPINION AND ORDER

            v.

DAVID B. SCHUMACHER,

                            Defendant.
_____

ACOSTA, Magistrate Judge:

*Introduction*

      Plaintiff Bonnie Adams ("Adams"), filed this action against defendant David B. Schumacher,

PC ("Schumacher"), asserting violations of the Fair Debt Collection Practices Act (15 U.S.C. §§

1692-1692o)(the "Act"). On December 9, 2014, the court granted Adams summary judgment on her

claim under 15 U.S.C. §1692(b) and directed Adams to filed a motion with the court indicating the

amount of actual and statutory damages and attorney fees sought. *Adams v. David B. Schumacher,*

*PC*, Civil No. 13-CV-02301-AC, 2014 WL 6977695 (D. Or. Dec. 9, 2014). Adams filed the motion on January 9, 2015, seeking the maximum of $1,000 in statutory damages, $1,528 in actual damages ($528 for amounts Adams lost due to Schumacher's conduct and $1,000 for emotional distress damages), and $10,589.00 in attorney fees (the "Motion"). Adams also filed a Bill of Costs seeking $519 in litigation costs ("Cost Bill"). Schumacher opposes the Motion and Cost Bill as premature, arguing it is entitled to a trial on the issue of damages. The court agrees, denies the Motion and Cost Bill as premature, and directs the parties to provide the court with proposed deadlines within thirty days of this Opinion.

## *Discussion*

Schumacher argues the court's ruling on the liability issues at summary judgment did not address Adams's claims for damages, and that it is entitled to a trial on the question of both actual and statutory damages. Specifically, Schumacher seeks the opportunity to cross-examine Adams, as well as raise evidentiary objections to Adams's proffered evidence.

Two of the cases Schumacher relies on in support of its right to trial on damages are not necessarily instructive in this instance. *Gonzales v. Arrow Fin. Servs.*, 660 F.3d 1055 (9th Cir. 2011), and *Schwarm v. Craighead*, No. CIV. 05-01304 WBS GGH, 2008 WL 3286797 (E.D. Cal. Aug 6, 2008), both involved class actions and large damage claims. In *Gonzales*, nearly 40,000 class members sought damages of approximately $250,000. *Gonzales*, 660 F.3d at 1060. Similarly, *Schwarm* involved a class consisting of all persons who received demands from defendants concerning dishonored checks and sought damages in the amount of about $750,000. *Schwarm*, 2008 WL 3286797 at *1-*2. The cases are distinguishable for other reasons as well. *Gonzales* involved claims under both the Act and California's Fair Debt Collection Practices Act, and

presented a question whether the jury trial on damages was required under one or both acts. *Gonzales*, 660 F.3d at 1059. In *Schwarm*, the court granted summary judgment in favor of the class for $741,388 in actual damages, noting the absence of a genuine issue of material fact with regard to this amount. *Schwarm*, 2008 WL 3286797 at *2. However, the court denied summary judgment on statutory damages, noting the determination required consideration of factors posing clearly disputed factual issues, such as intent and the nature of the noncompliance, which should be left to a jury. *Schwarm*, 2008 WL 3286797 at *3. Neither of these cases clearly hold that in an action involving a single individual seeking nominal damages in which liability has been determined at summary judgment, the issue of damages must be decided at a trial.

Schumacher has, nevertheless, cited a case in which the Eleventh Circuit construed the term "court" in § 1962k of the Act to include both a court and jury trial, thereby affording a party who makes timely demand the right to a jury on a claim for damages under the Act. *Sibley v. Fulton DeKalb Collection Serv.*, 677 F.2d 830, 832, 834 (11th Cir. 1982). Other courts have since found the Act provides for trial by a jury on both statutory and actual damages. *See Kobs v. Arrow Serv. Bureau, Inc.*, 134 F.3d 893, 898 (7th Cir. 1998); *Lassiter v. Integrity Solution Servs., Inc.*, Civil Action No. 13-cv-00268–PAB–MJW, 2014 WL 1040677, *6 (D. Colo. March 18, 2014): *Delalat v. Syndicated Office Sys., Inc.*, No. 10cv1273–DMS NLS (NLS), 2013 WL 8364853, *5 (S.D. Cal. July 30, 2013); *Kaylor-Trent v. John C. Bonewicz, P.C.*, No. 11-3332, 2012 WL 12780, *4 (C.D. Ill. Jan. 4, 2012); *Wilhelm v. Credico Inc.*, No. 1:05-cv-002, 2008 WL 5156660, *5 (D.N.D. Dec. 5, 2008); *Martsolf v. JBC Legal Group, P.C.*, Civil Action No. 1:04-CV-1346, 2009 WL 275719, *11 (M. D. Pa. Jan. 30, 2008); *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 753 (N. D. Ill. 2003); *Hartman v. Meridian Fin. Servs., Inc.*, 191 F. Supp. 2d 1031, 1050 (W.D. Wis. 2002); *Trans-*

*Continental Credit and Collection Corp.*, No. 98 CIV 1866(DC), 1999 WL 292623, *1 (S.D.N.Y. May 10, 1999). However, the Second Circuit considers "[t]he decision whether to award statutory damages under the FDCPA and the size of the award are matters committed to the sound discretion of the district court." *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2nd Cir. 1998).

The bankruptcy court in this district recently acknowledged the split in the courts, noting the "vast majority of caselaw holds that an FDCPA claim is analogous to a tort action at law for damages, and thus a right to a jury trial attaches." *Orchard v. JPMorgan Chase Bank*, Bankruptcy No. 09-65380–tmr13, Adversary No. 12-6197–tmr, 2013 WL 6254037, *5 (Bkrptcy. D. Or. Dec. 4, 2013.) Additionally, at least three judges in this district have recognized, to some degree, the right to a trial on a claim for damages under the Act. *See Paul v. Metro Area Collections, Inc.*, No. CV-10-765-HU, 2011 WL 2270515, *8 (D. Or. May 4, 2011)(court granted summary judgment in favor of plaintiff and found "[d]amages should be left for trial"); *Daley v. A&S Collection Associates, Inc.*, No. CV-09-946-ST, 2010 WL 5137834, *1 (D. Or. Dec. 10, 2010)(court granted summary judgment in favor of plaintiff and set jury trial on damages, which was converted to evidentiary hearing for a default judgment when defendant failed to file pretrial submissions); *Hooper v. Capital Credit & Collection Servs., Inc.*, No. CV 03-793-JE, 2004 WL 825619, *5 (D. Or. April 13, 2004)( court noted that ruling on partial summary judgment establishing liability and statutory damage amount would leave amount of plaintiff's actual damages for trial). Based on the analysis set forth in *Sibley*, its position as the majority view, and the rulings from other judges in this district, the court adopts the majority view and finds the Act provides for a trial, by the court or a jury, on both actual and statutory damages.

The court determined the issue of liability under the Act in a summary judgment motion. The

parties agreed on the underlying facts, thereby eliminating any genuine issues of fact and leaving only legal issues for the court.  All that remains is Adams claims for actual and statutory damages, as well as attorney fees.   Both parties demanded a jury trial in their initial filings.  The court finds the parties are entitled to a trial on the proper damages under the Act, both actual and statutory. Accordingly, the Motion and Cost Bill are premature and must be denied.

*Conclusion*

Adams's motion (#27) for damages, costs, and attorney fees, and her bill of costs (#28) are DENIED as premature.  The parties shall provide the court with proposed pretrial deadlines, specifically dates for any remaining discovery and a trial, within thirty days of this Opinion.  Once the trial is completed and a judgment issued, Adams may file a motion for attorney fees and a bill of costs.

DATED this 7th day of April, 2015.


_____
          /s/ John V. Acosta
          JOHN V. ACOSTA
     United States Magistrate Judge